Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN APC**
6708 Foothill Blvd Suite 101
Tujunga, CA 91042
[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Kristin Harrison

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARRISON, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>ESSEX PROPERTY TRUST, INC., is a business entity; TRANS UNION, LLC., is a business entity; and DOES 1-25, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. FAIR CREDIT REPORTING ACT;<br>2. FEDERAL AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br>3. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff KRISTIN HARRISON ("Plaintiff" or "KRISTIN") is a resident of the County of Los Angeles, State of California.

2. Defendant ESSEX PROPERTY TRUST, INC. ("ESSEX") is a CORPORATION, doing business in the State of California, County of Los

1
COMPLAINT

Angeles, as an apartment lessor and property manager, also as a furnisher of credit information to the major credit bureaus. Defendant TRANS UNION, LLC ("TRANSUNION") is a business entity, doing business as a credit reporting agency.

3. Defendants DOES 1-25 are individuals and business entities, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors, or other persons or entities that engage in credit reporting and/or debt collection. DOES 1-25, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of Plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after Plaintiff had notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 25, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 25, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

2

COMPLAINT

   b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

   c) Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

   d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

   e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

   f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances pertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

   5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein,

whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

# FIRST CAUSE OF ACTION
# [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All Defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, TRANSUNION, which is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. **On or about September 21, 2023**, ESSEX opened the account on Plaintiff's credit report. The account was opened by an individual who obtained Plaintiff's Social Security and used it to lease an apartment in Los Angeles, CA. This was done without Plaintiff's knowledge or consent.

9. **On or about the end of 2024,** Plaintiff applied for a credit card and checking account with Bank of America.

10. **On or about January 14, 2025**, Plaintiff received a denial letter from Bank of America. The letter advised Plaintiff she is ineligible for the credit card due to "unsatisfactory payment history on your personal credit report".

11. **On or about January 24, 2025**, Plaintiff called Bank of America to dispute the denial. Bank of America advised Plaintiff that the derogatory remark on her credit report is from ESSEX. Plaintiff was informed that an investigation

4
COMPLAINT

would commence, and the findings would be emailed 30 days later.

12. **On or about January 28, 2025,** TRANS UNION mailed Plaintiff a letter confirming her initial dispute and the findings. TRANSUNION verified the ESSEX tradeline as accurate.

13. **On or about February 6, 2025**, Plaintiff emailed ESSEX's support account and advised in her email the inaccuracies on her credit report and asked ESSEX for a statement to prove to TRANSUNION that the account is not hers.

14. **On or about February 8, 2025,** Plaintiff received TRANS UNION's second dispute findings which verified again that her "credit report is accurate" as to the ESSEX tradeline.

15. **On or about February 11, 2025,** Plaintiff emailed the ESSEX account support email for the second time, asking for a response.

16. **On or about April 8, 2025,** Plaintiff obtained her credit report from TRANS UNION. Defendant TRANS UNION was still reporting ESSEX on Plaintiff's report, although the report stated that the tradeline was closed due to transfer and placed in collections.

17. **On or about April 28, 2025,** Plaintiff mailed a certified letter to TRANS UNION disputing the inaccurate ESSEX account.

18. **On or about May 7, 2025**, Plaintiff received an email from TRANSUNION verifying that they received her dispute and are verifying the ESSEX credit reporting.

19. **On or about June of 2025,** TRANS UNION is still falsely reporting on Plaintiff's credit report. Plaintiff has resided in the city of Pasadena, CA, since 1996.

20. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit report. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to

correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

21. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's credit file after conducting an investigation;

d. By willfully and negligently failing to conduct a reasonable investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations was known, or should have been known, to the defendants; and,

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof.

22. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs, and attorney fees.

23. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting

their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION

## [VIOLATION OF THE FEDERAL AND CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT AGAINST ESSEX AND DOES 1-25, INCLUSIVE]

24. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

25. Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Under this definition, ESSEX, and DOES 1-25, Inclusive, all qualify as a "debt collector".

26. Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act. ESSEX, and DOES 1-25, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e (8), namely, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Each of these defendants violated 1692e (8) by communicating to the next entity in line credit information

which was known to be false or which would have been discovered to have been false upon the slightest diligence. ESSEX and DOES 1-25, Inclusive, also violated provisions of both federal and California FDCPA by attempting to collect on a debt with no legal or contractual basis for doing so and by failing or refusing to validate the debt in spite of repeated requests to do so. Plaintiff reserves the right to allege other violations of the FDCPA/Rosenthal as the facts of the case unfold. In addition to violations of 1692e (8), Defendants ESSEX and DOES 1-25, Inclusive, have violated sections 1692e and 1692f by continuing debt collection activities on accounts where the Plaintiff has provided these defendants with ample proof that these were fraudulent accounts.

27. As a result of these violations of the California Fair Debt Collection Practices Act by ESSEX and DOES 1-25, Inclusive, Plaintiff has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of California's Act, as well as punitive damages against these defendants for conduct amounting to oppression and malice under California law. In addition, Plaintiff is entitled to attorney's fees, costs and expenses.

### THIRD CAUSE OF ACTION
### [VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST ESSEX AND DOES 1-25, INCLUSIVE]

28. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

29. The continued credit reporting by ESSEX and DOES 1-25, Inclusive, in spite of knowing of the falsity of the alleged debt, violates Cal. Civ. Code Section 1785.25.

30. Plaintiff has suffered both general and special damages according to

proof. In addition, Plaintiff contends that ESSEX and does 1-25, INCLUSIVE, willfully violated the California Consumer Credit Reporting Agencies Act by continuously furnishing credit information which was known, or which should have been known, to have been inaccurate and incomplete. In addition to general and special damages according to proof, Plaintiff seeks the maximum prescribed statutory penalty against ESSEX and DOES 1-25, Inclusive, for each and every separate violation of the California Consumer Credit Reporting Agencies Act. Plaintiff also seeks her attorney's fees and costs from ESSEX and DOES 1-25, Inclusive.

WHEREFORE, Plaintiff prays for judgment as follows:
1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages for willful violations against defendants according to proof at trial;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For injunctive relief, including but not limited to a permanent injunction against the defendants forbidding them from ever again reporting this credit item;
7. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

///
///
///

9
COMPLAINT

Dated: September 12, 2025

**LAW OFFICES OF ROBERT F. BRENNAN APC**

By: /s/Robert F. Brennan
Robert F. Brennan
Attorney for Plaintiff